George W. T. Snare v. Commissioner.
George W. Snare v. Commissioner
Docket No. 6702.
United States Tax Court
1946 Tax Ct. Memo LEXIS 289; 5 T.C.M. (CCH) 39; T.C.M. (RIA) 46015; January 18, 1946
*289 George W. T. Snare, pro se. Owen W. Swecker, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner challenges respondent's determination of deficiencies in income tax and of delinquency penalties of 25 percent for failure to file returns within the time prescribed by law, for the calendar years 1940, 1941, and 1943, as follows: Year
Tax Deficiency
Penalty
1940
$ 41.74
$ 10.43
1941
264.00
66.00
1943
814.94
203.74
$1,120.68
$280.17
Two issues are raised: (1) whether certain deductions and losses claimed by petitioner were properly disallowed by respondent; (2) whether petitioner is liable for delinquency penalties for failure to file tax returns within the time prescribed by law. Findings of Fact Petitioner at all times herein material was a resident of the State of Florida. He filed Forms 1040, generally described as individual income tax returns, for the years 1940 and 1941 with the collector of internal revenue, district of Florida; for the year 1943 with the collector of internal revenue, district of Maryland. Across the top of each of the three forms petitioner wrote the word "Tentative. *290 " The tentative returns were incomplete, in that they contained some estimates of losses and deductions; the 1943 tentative return did not contain a report of all of petitioner's income. Final income tax returns for the years 1940, 1941, and 1943 have not been filed. Petitioner's tentative return for the calendar year 1940 showed gross income from fiduciaries in the amount of $4,250.43 from which deductions of $3,410.73 were taken. The deductions included taxes in the amount of $210.33 and "other deductions authorized by law" in the amount of $2,714.40. In response to the question "Income (or loss) from business or profession," petitioner recited: "Impossible to determine amount of loss yet." He listed as his principal occupation or profession "Litigant." Petitioner reported no tax due for the year 1940. Upon examination of the tentative return for 1940 respondent disallowed deductions for taxes to the extent of $20.22 and disallowed the whole of the amount listed under "Other deductions * * *." Petitioner's tentative return for the calendar year 1941 reported gross income in the sum of $5,045.18 and deductions in the sum of $3,227.61, leaving as net income the sum of $1,817.57. *291 The deductions included taxes in the sum of $486, and "Other deductions authorized by law" in the sum of $2,500. Petitioner listed as his principal occupation or profession "Litigant, Post War Adjustments, Defense Work." Petitioner reported no income tax due for the year 1941. Upon examination of the tentative return for 1941, respondent disallowed the deductions for taxes to the extent of $51.50 and disallowed the whole of the amount listed under "Other deductions * * *." Petitioner in his tentative return for 1943 reported as income interest on government obligations in the amount of $157.50 and fiduciary income in the sum of $3,461.72. Petitioner claimed as a loss from business for the year, the sum of $10,000. In his explanation of this loss, which in Schedule C (2) he states was "Impossible to estimate," he asserts: "Equal enforcement of the Law denied to me, in my opinion, due to unconstitutional actions of Federal Reserve Board and certain members of the Bar." He listed as his occupation "Plant Experimenter, Social Technician." Petitioner reported no income tax due for the year 1943. Upon examination of the tentative return for 1943 respondent determined that petitioner *292 had failed to report additional fiduciary income in the sum of $999.48 and disallowed the "loss" as a deduction. An indeterminate amount of money was expended by petitioner during the years in question for the purposes of visiting sick relatives, of securing aid for needy friends, of preparing and sending letters and reports to public officials on subjects of health, welfare, and education, and of traveling to Washington, D.C., to protest to officials the failure of governmental agencies to do more constructive work in the fields of public welfare and economic security. An indeterminate amount of money was expended by petitioner during the years in question in traveling to Philadelphia, Pennsylvania. While there he complained to the trustee of a trust, of which he is a beneficiary, about the method of its administration. Petitioner has failed to file tax returns for the years 1940, 1941, and 1943, as required by law within the time prescribed by law. Opinion Even if petitioner's evidence were more convincing, the theory advanced would still fail to bring him within any provision authorizing the deductions claimed. They are not deductible as charitable contributions under section *293 23(o) since made as gifts directly to individuals. . The benefit, if any, which the people of the nation may possibly have received as a consequence of petitioner's activities is too indirect and problematical to serve as justification for the deduction as an expenditure to or for the use of the United States. See . And if the record warranted the conclusion that petitioner actually undertook any of his travels for the purpose of dealing with the financial aspects of the trust of which he was beneficiary, the evidence would still be totally inadequate to make any determination as to the amount. Petitioner's "tentative returns" were not sufficient to constitute such a filing as would eliminate the delinquency penalty. , affirmed (C.C.A., 8th Cir.), . No act of the respondent in seeking to impose upon petitioner the payment of his proper share of the tax burden appears to be in contravention even of that "moral law," to which petitioner attempts to resort. Decision will be entered for the respondent.